USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/16/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIMOTHY DUBOIS,

                      Plaintiff,

-against-

CITY OF WHITE PLAINS, DETECTIVE JIM TASSONE, *individually and in his official capacity as a police officer employed by the City of White Plains*, POLICE OFFICER JAHMAR CUNNINGHAM, *individually and in his official capacity as police officer employed by the City of White Plains, and* YUI CHOW,

                      Defendants.

No. 16-cv-07771 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Timothy Dubios ("Plaintiff") brings this action against Defendants City of White Plains, Jim Tassone, Jahmar Cunningham, and Yui Chow ("Amended Complaint," ECF No. 32). In the Amended Complaint, Plaintiff asserts claims under 42 U.S.C. §§ 1983, 1985, and 1988, New York common law, and the United States and New York Constitutions. Presently before the Court is Defendant Chow's Motion to Dismiss the Amended Complaint and Co-Defendants' Cross-Claim against him by Defendants' City of White Plains, Tassone, and Cunningham pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 41). For the following reasons, Defendant Chow's Motion is GRANTED.

# BACKGROUND

## I. Factual Background

The following facts are derived from the Amended Complaint and the documents appended thereto, and are assumed to be true for the purposes of this motion.

Plaintiff alleges that on or about June 5, 2014, in the City of White Plains, Plaintiff was lawfully inside an apartment 3D located at 11 Fish Avenue (the "Apartment") visiting his friend, Stephen Williams and another individual named George Andrews. (Compl. ¶ 16.) At approximately 1:50 p.m., United States Postal Inspector Defendant Chow, posing as a postal worker, both rang the doorbell and knocked on the door of the Apartment. (*Id.* ¶ 17.) Defendant Chow was working as an agent for Defendants City of White Plains, Cunningham, and Tassone. (*Id.*) Williams answered the door for Defendant Chow, who advised Williams that he had a package from India (the "Package") and that Williams would have to come downstairs to retrieve the package from Defendant Chow's postal van. (*Id.* ¶ 19.) At the time, Williams had a leg injury and was wearing a walking boot. (*Id.* ¶ 20.) At Williams's request, Plaintiff agreed to go downstairs to the van with Defendant Chow to retrieve the package. (*Id.*) Upon arriving at the van, Defendant Chow informed Plaintiff that he needed to sign the postal receipt to obtain the package. (*Id.* ¶ 21.) Defendant Chow then attempted to hand Plaintiff the package, but before he did so, Defendant Tassone and other White Plains police officers surrounded Plaintiff and placed him under arrest. (*Id.* ¶ 22.) "Defendants' [sic] did not have any information connecting Plaintiff to either the Apartment or the [P]ackage prior to arresting him." (*Id.* ¶ 24.) Defendants

allege that the sealed, opaque Package contained four ounces of heroin. (*Id.* ¶ 25.) Plaintiff denies any knowledge of the contents of the Package. (*Id.* ¶ 26.)

After his arrest, Plaintiff was charged with attempted criminal possession of a controlled substance in a felony complaint drafted by Defendant Cunningham. (*Id.* ¶ 30.) After his arraignment, Plaintiff was remanded without bail on June 6, 2014. (*Id.* ¶ 32.) On June 11, 2014, Defendants Chow and Tassone testified at Plaintiff's "Felony Hearing" held before Judge Barbara Leak in the White Plains City Court. (*Id.* ¶ 33.) On June 13, 2014, Plaintiff received a bail review hearing and bail was set, and Plaintiff was released on June 14, 2014 after bail was posted on his behalf. (*Id.* ¶¶ 34 – 35.) Williams pleaded guilty to possessing the heroin and stated that Plaintiff had no knowledge of the contents of the Package. (*Id.* ¶ 38.) Consequentially, on March 11, 2015, Plaintiff's felony complaint was dismissed with prejudice. (*Id.* ¶ 38.)

## II. Procedural History

Plaintiff filed a complaint (ECF No. 1) on October 5, 2016 against Defendants City of White Plains, Cunningham, and Tassone, and those Defendants filed an answer on January 4, 2017 (ECF No. 21). On July 5, 2017, Plaintiff filed an amended complaint ("Amended Complaint," ECF No. 32) which added Yui Chow as a Defendant. In the Amended Complaint, Plaintiff alleges that he is entitled to relief under (1) 42 U.S.C. § 1983 for violations of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights; (2) 42 U.S.C. § 1985; (3) 42 U.S.C. § 1988; and (4) New York law. (Compl. ¶¶ 39 – 53.) Plaintiff also alleges that Defendant City of White Plains failed to adequately train or supervise its employees. (*Id.* ¶¶ 54 – 60.) Defendants City of White Plains, Cunningham, and Tassone answered the Amended Complaint on July 21, 2017 and also issued a cross claim against Defendant Chow, alleging that they are entitled to

"contribution and/or indemnification" from Defendant Chow based on "apportionment of responsibility" (ECF No. 34). Defendant Chow moves to dismiss Plaintiffs' Complaint and Co-Defendants' cross claim (ECF No. 41).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A complaint must supply "factual allegations sufficient 'to raise a right to relief above the speculative level' " to move beyond a motion to dismiss. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). In deciding a motion to dismiss, a court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor. *Iqbal*, 556 U.S. at 678. However, the court is " 'not bound to accept as true a legal conclusion couched as a factual allegation,' " or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Further, a court is generally confined to the facts alleged in the complaint for the purposes of considering a motion to dismiss pursuant to 12(b)(6). *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). A court may, however, consider documents attached to the complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken, public records, and documents that the plaintiff either possessed or knew

about, and relied upon, in bringing the suit. *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013).

## DISCUSSION

As a threshold matter, the Court finds that Plaintiff's 42 U.S.C. § 1983 claims against Defendant Chow are in fact *Bivens* claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) because at all relevant times Defendant Chow was a federal employee, a postal inspector for the United States Postal Service. *See Aikman v. County of Westchester*, 691 F. Supp. 2d 496, 499 (S.D.N.Y. 2010) ("§ 1983 claims improperly filed against federal employees are routinely interpreted as properly pleaded under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the federal counterpart to § 1983.").

Defendant Chow moves to dismiss Plaintiff's Amended Complaint and the cross claim because Plaintiff's claims are untimely, the Amended Complaint fails to state a plausible claim for relief, and he is entitled to qualified immunity. (Mem. of Law in Supp. of Def. Yui Chow's Mot. to Dismiss the Am. Compl. and Co-Defs' Cross-Cl. ("Def. Chow's Mot.") pp. 1 – 2.)

### I. Plaintiff's *Bivens* Claims Against Defendant Chow
#### A. Timeliness of Plaintiff's *Bivens* Claims

*Bivens* claims are subject to a three year statute of limitations. *Barrett v. United States*, 689 F.2d 324, 333 (2d Cir. 1982). *Bivens* claims accrue "when the plaintiff 'knew or had reason to know' of the constitutional injury that is alleged as the basis of the action." *Williams v. King*, No. 91-CV-4526, 1992 WL 368069, at *2 (E.D.N.Y. Oct. 27, 1992) (quoting *Estate of Masselli v. Silverman*, 606 F. Supp. 341, 344 (S.D.N.Y. 1985); *see Pauk v. Bd. of Tr. of the City Univ. of N.Y.*, 654 F.2d 856, 859 (2d Cir. 1981). However, in cases of claims for false arrest, if a

judgment in the plaintiff's favor "would have undermined the validity of any potential conviction," the false arrest claim does not accrue until the criminal proceedings relating to the false arrest are terminated. *Covington v. City of New York*, 171 F.3d 117, 119 (2d Cir. 1999) (citing *Heck v. Humphrey*, 512 U.S. 477, 114 (1994)).

Here, Plaintiff's *Bivens* claims against Defendant Chow accrued on March 11, 2015, not on June 5, 2014,[1] when the criminal prosecution against Plaintiff was dismissed. Plaintiff filed the Amended Complaint which added Defendant Chow as a Defendant on July 5, 2017, well within the three year statute of limitations. Plaintiff's *Bivens* claims are timely.

### B. Plaintiff's *Bivens* Claims

Plaintiff alleges that Defendant Chow violated his constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments by collaborating with the other Defendants to make a controlled drug delivery leading to Plaintiff's arrest and by testifying at Plaintiff's Felony Hearing. (Compl. ¶¶ 19 – 22, 33.)

Under *Bivens*, a plaintiff may bring a claim against a federal officer in her personal capacity for a violation of certain constitutional rights.[2] 456 F.2d 1339 (1972). "To state a claim

---

[1] Plaintiff argues that the statute of limitations should relate back to Plaintiff's first complaint. Under Federal Rules of Civil Procedure Rule 15(c), an amendment to a pleading to add a party relates back to the date of the original pleading when (1) the claims asserted in the amended pleading arose out of the conduct set out in the original pleading; (2) the party to be brought in by the amendment received "such notice of the action that it will not be prejudiced in defending on the merits"; and (3) the party sought to be added "knew or should have known that the action would be brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c). The Court need not pursue this analysis because Plaintiff's *Bivens* claim against Defendant Chow is already within the statute of limitations using the date of the Amended Complaint.

[2] In Plaintiff's Opposition, Plaintiff states that he is suing Defendant Chow in his individual capacity. (Pl.'s Mem. of Law in Opp'n to the Def. Chow's Mot. to Dismiss p. 6.) However, the Amended Complaint does not specify whether Defendant Chow is being sued in his individual or official capacity, or both. To the extent that Plaintiff asserts any claims against Defendant Chow in his official capacity, those claims are barred by Eleventh Amendment sovereign immunity. *See Robinson v. Knibbs*, No. 16-CV-3826, 2017 WL 3578700, at *3 (S.D.N.Y. Aug. 17, 2017).

under *Bivens*, a plaintiff must allege that an individual defendant personally committed a specific wrongful act that violated a well-established constitutional right of which a reasonable person would have known." *Adekoya v. Holder*, 751 F. Supp. 2d 688, 694 (S.D.N.Y. 2010) (citing *Barbera v. Smith*, 836 F.2d 96, 99 (2d Cir. 1987)); *see Barbaro v. United States*, 521 F. Supp. 2d 276, 281 (S.D.N.Y. 2007) ("The elements of a *Bivens* claim are: (1) that a defendant acted 'under color of federal law' (2) 'to deprive plaintiff of a constitutional right." ') (quoting *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

Plaintiff's Amended Complaint fails to establish a facially plausible claim that Defendant Chow personally committed an act that violated a well-established constitutional right. It is well established that the Fourth Amendment protects individuals from arrest without probable cause, that individuals cannot be deprived of liberty without due process under the Fifth and Fourteenth Amendments, and that individuals enjoy the right to a speedy and public trial by an impartial jury under the Sixth Amendment. *See United States v. Cohan*, 798 F.3d 84, 88 – 89 (2d Cir. 2015); *Rogers v. City of Amsterdam*, 303 F.3d 155, 158 (2d Cir. 2002); *Russell v. Coughlin*, 910 F.2d 75, 77 (2d Cir. 1990). However, none of Defendant Chow's alleged actions violated these well-established constitutional rights. Although Plaintiff states in a conclusory manner that "Defendants' [sic] conspired to deprive Plaintiff of his federal civil rights," Plaintiff offers no facts to support a plausible claim that Defendant Chow was involved in any conspiracy to violate Plaintiff's constitutional rights. No part of the Amended Complaint suggests that Defendant Chow was involved in carrying out Plaintiff's arrest or with conducting Plaintiff's prosecution. Defendant Chow's only involvement with the prosecution was to testify at the Felony Hearing, and it is not a constitutional violation to testify before a court. Plaintiff does not allege that

Defendant Chow's testimony was false. Because the face of Plaintiff's Complaint does not support a plausible *Bivens* claim against Defendant Chow, those claims must be dismissed.[3]

## II. Plaintiff's Remaining Claims Against Defendant Chow

### A. State Law Claims

Plaintiff appears to assert state law claims for malicious prosecution, false arrest, entrapment, and abuse of process. (Compl. ¶ 41.) However, Plaintiff does not allege sufficient facts to create a plausible claim for relief.

For malicious prosecution in New York, the plaintiff must establish that (1) the defendant initiated a prosecution against the plaintiff, (2) the defendant did not have probable cause to believe the proceeding could succeed, (3) the defendant acted with malice, and (4) the prosecution was resolved in the plaintiff's favor. *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 417 (2d Cir. 1999). Plaintiff's Complaint states that Defendant Cunningham, not Defendant Chow, initiated the prosecution against Plaintiff by filing the felony complaint and that the Westchester County District Attorney's Office, not Defendant Chow, continued the prosecution. (Compl. ¶¶ 30 – 34.) The only fact connecting Defendant Chow with Plaintiff's prosecution is that he testified at Plaintiff's Felony Hearing. The mere act of testifying at a criminal hearing does not qualify as the initiation a prosecution. *See Rohman v. N.Y. City Transit Auth.*, 215 F.3d 208, 217 (2d Cir. 2000) (stating that the act of giving testimony is insufficient to show initiation of a prosecution); *see also White v. Frank*, 855 F.2d 956, 957 (2d Cir. 1988). Accordingly,

---

[3] Defendant Chow also claims that, if the Court were to find that Plaintiff stated a plausible *Bivens* claim, the Court should dismiss the claim because it would require extension of *Bivens* liability to a new context and trigger an analysis under the special factors articulated in *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017). (Def. Chow's Mot. p. 10.) The Court finds that Plaintiff failed to state a facially plausible *Bivens* claim and so will not address this argument.

Plaintiff fails to state a malicious prosecution claim against Defendant Chow.

Under New York law, for false arrest, a Plaintiff must show that the defendant intentionally confined him without justification and without the plaintiff's consent. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). "[I]t stands to reason that [a] plaintiff can sustain a claim for false arrest only against those defendants' [sic] personally involved in . . . [the] confinement." *Chepilko v. City of New York*, No. 06-CV-5491, 2012 WL 398700, at *8 (E.D.N.Y. Feb. 6, 2012). Nowhere in the Amended Complaint does Plaintiff allege that Defendant Chow confined him. Although Plaintiff did follow Defendant Chow to his van, Plaintiff followed consensually. (Compl. ¶¶ 19 – 21.) After Defendant Chow turned to hand Plaintiff the Package, law enforcement officers intervened to arrest Plaintiff. (*Id.* ¶ 22.) Defendant Chow's involvement ended before Plaintiff was intentionally confined. Therefore, the Amended Complaint does not support a facially plausible false arrest claim against Defendant Chow.

Entrapment in New York is an affirmative defense to a criminal charge, but it "has no applicability as an affirmative civil claim." *Grasso v. Forrest Edward Emp't Servs.*, No. 01-CV-3263(AKH), 2002 WL 989528, at *9 (S.D.N.Y. May 15, 2002). Because entrapment is not an affirmative civil claim, Plaintiff's entrapment claim is dismissed.

To state an abuse of process claim in New York, a plaintiff must show that the defendant (1) initiated regularly issued legal process which compelled the performance or forbearance of an act; (2) acted with the intent to do harm without social or economic justification; and (3) sought some advantage or detriment outside of the legitimate goals of the process. *Borison v. Cornacchia*, No. 96-CV-4783, 1997 WL 232294, at *2 (S.D.N.Y. May 7, 1997). Examples of

9

regularly issued legal process include the effectuation of an arrest or the initiation of an arraignment on criminal charges. *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994); *Pinter v. City of New York*, 976 F. Supp. 2d 539, 570 (S.D.N.Y. 2013). Plaintiff does not allege that Defendant Chow initiated any legal process compelling any act or forbearance from Plaintiff. Without any facts to support an abuse of process claim against Defendant Chow, that claim must be dismissed.

### B. 42 U.S.C. § 1985

To state a claim under § 1985, a plaintiff must allege with particularity "(1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States." *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999); *Roffman v. City of New York*, No. 01-CV-8601(AGS), 2002 WL 31760245, at *6 (S.D.N.Y. Dec. 10, 2002). Similar to § 1983, § 1985 does not create any substantive rights but does provide a "remedy for conspiracies to violate a person's right to equal protection of the laws." *Soto v. Schembri*, 960 F. Supp. 751, 760 (S.D.N.Y. 1997).

Plaintiff's only allegations relating to a conspiracy are conclusory and include all Defendants rather than state a claim with particularity against Defendant Chow. (Compl. ¶¶ 51 – 52.) A § 1985 conspiracy claim that is only supported by conclusory assertions cannot survive a motion to dismiss. *See Brito v. Arthur*, 403 F. App'x 620, 621 (2d Cir. 2010); *Bhatia v. Yale Sch. of Med.*, 347 F. App'x 663, 665 (2d Cir. 2009); *Roffman*, 2002 WL 31760245, at *6 (dismissing the plaintiff's § 1985 claim because she failed to allege the elements of a conspiracy

10

claim with particularity). Accordingly, because Plaintiff's § 1985 claim is not stated with particularity and is premised solely on conclusory statements, it must be dismissed.

### C. 42 U.S.C. § 1988

Section 1988 concerns determining damages once the substance of a civil rights action has been determined. At the motion to dismiss stage, a court does not rule on the substance of a claim, but on whether the plaintiff's complaint stated a plausible claim on its face. Section 1988 is not relevant to the determination of a motion to dismiss.[4]

### CONCLUSION

For the foregoing reasons, Defendant Chow's Motion to Dismiss the Amended Complaint and Co-Defendants' Cross-Claim is GRANTED in its entirety. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 41 and to remove Defendant Chow from the case caption. Remaining Defendants are directed to alert Judge Paul E. Davison of this Opinion.

Dated: November 16, 2018
       White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

---

[4] The Court has dismissed all of Plaintiff's claims against Defendant Chow and need not decide whether Defendant Chow is entitled to qualified immunity. However, assuming that the Court found that Plaintiff stated a plausible claim against Defendant Chow, Defendant Chow would likely be protected by qualified immunity. "The doctrine of qualified immunity gives officials 'breathing room to make reasonable but mistaken judgments about open legal questions.' " *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866 (2017) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011)). Consequently, "qualified immunity shields . . . officials from suit 'unless [1] the official violated a statutory or constitutional right that [2] was clearly established at the time of the challenged conduct.' " *Terebesi v. Torreso*, 764 F.3d 217, 230 (2d Cir. 2014) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). As discussed above, Plaintiff's Amended Complaint did not state a facially plausible claim that Defendant Chow violated any of his constitutional rights, let alone that those rights were clearly established.