USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___5/8/2023___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIMOTHY DUBOIS,

                    Plaintiff.

  -against-

CITY OF WHITE PLAINS; DETECTIVE JIM TASSONE, *Individually and in His Official Capacity as a Police Officer Employed by the City of White Plains*; POLICE OFFICER JAHMAR CUNNINGHAM, *Individually and in His Official Capacity as a Police Officer Employed by the City of White Plains*,

                    Defendants.

No. 16-cv-7771 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

      Plaintiff Timothy DuBois ("Plaintiff" or "DuBois") commenced the instant action against Defendants Jaymar Cunningham, James Tassone, and the City of White Plains (collectively, "Defendants") asserting federal claims under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. §§ 1983 & 1985 and state constitutional and common law claims. (Amended Complaint, ECF No. 32.) The Court assumes the parties' familiarity with the factual and procedural background, as recited in this Court's Opinion & Order, dated March 31, 2021 (ECF No. 74).

      In the Opinion & Order, the Court granted in part and denied in part Defendants' motions for summary judgment, and the Court denied Plaintiff's cross-motion for summary judgment. The only surviving claims were (1) Plaintiff's state and federal claims for false arrest asserted against Defendant Cunningham and (2) Plaintiff's state law claims for abuse of process asserted against Defendants Cunningham and Tassone, to the extent those claims were predicated upon the

issuance of process prior to the Felony Hearing. Defendant Cunningham filed an interlocutory appeal from the Opinion & Order denying in part his motion for summary judgment as to Plaintiff's claims for false arrest and abuse of process.[1] (ECF No. 76.)

In a Summary Order dated July 8, 2022, the Second Circuit reversed the Opinion & Order of this court "insofar as it denied Officer Cunningham qualified immunity from the false-arrest and abuse-of-process claims." (ECF No. 77 at 10.) The Second Circuit directed this Court to enter judgment in favor of Officer Cunningham on those claims. (*Id.*) In so doing, the Second Circuit reasoned that Defendant Cunningham had arguable probable cause to authorize Plaintiff's arrest, and as such, Defendant Cunningham was entitled to qualified immunity on Plaintiff's false arrest and abuse of process claims.[2] (*Id.* at 8–10.)

In light of the Second Circuit's Summary Order, Defendant Tassone now moves pursuant to Rule 54(b) of the Federal Rules of Civil Procedure ("Rule 54(b)") to request this Court reconsider Defendant Tassone's prior motion for summary judgment and dismiss Plaintiff's remaining claim for abuse of process asserted against Defendant Tassone. (ECF No. 81.) Rule 54(b) states, in relevant part, "[A]ny order or other decision . . . that adjudicates fewer than all the

---

[1] Although Defendant Tassone declined to file an interlocutory appeal, he did not waive his right to appeal the denial of qualified immunity by waiting to appeal the final judgment instead of lodging an interlocutory appeal. *See, e.g., DeNieva v. Reyes*, 966 F.2d 480, 484 (9th Cir. 1992) (collecting cases); *see also Pearson v. Ramos*, 237 F.3d 881, 883 (7th Cir. 2001) ("Even when there is a right of interlocutory appeal, a party can wait till the case is over and then appeal, bringing before us all nonmoot interlocutory rulings adverse to him. This principle is as applicable to rulings on immunity as to any other interlocutory rulings." (internal citations omitted)).

[2] Because Defendant Cunningham is entitled to qualified immunity under federal law, summary judgment is likewise "appropriate" on Plaintiff's state law claims asserted against Defendant Cunningham. *See Jenkins v. City of New York*, 478 F.3d 76, 88 (2d Cir. 2007) ("[U]nder both New York and federal law, summary judgment dismissing a plaintiff's false arrest claim is appropriate if the undisputed facts indicate that the arresting officer's probable cause determination was objectively reasonable.").

claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).  Local Civil Rule 6.3 requires a party file a motion for reconsideration within fourteen days after the entry of the Court's determination of the original motion—here, March 31, 2021.  Defendant Tassone first sought leave to file a motion for reconsideration on July 5, 2022 (ECF No. 78), over a year beyond the deadline imposed by Local Civil Rule 6.3.  Courts, however, may disregard the deadline imposed by Local Civil Rule 6.3 "when justice so requires," *Clinton v. Brown & Williamson Holdings, Inc.*, 652 F. Supp. 2d 528, 530 (S.D.N.Y. 2009) (internal citations omitted), such as when a court is confronted with "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or to prevent manifest injustice." *Richman v. W.L. Gore & Assocs., Inc.*, 988 F. Supp. 753, 754 (S.D.N.Y. 1997) (citing Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4478)).

The Summary Order is clear: Defendant Cunningham was "reasonable" in "relying on [Inspector Chow's] observations" and thus had arguable probable cause to authorize Plaintiff's arrest. (Summary Order at 9 (citing *Bernard v. United States*, 25 F.3d 98, 103 (2d Cir. 1994)). The same rationale applies with equal, if not greater force to Defendant Tassone, who lacked personal involvement in the arrest such that this Court previously dismissed Plaintiff's claims for false arrest asserted against him. (*See* Opinion & Order at 16–17.)  Because nothing in the record differentiates between the information relied upon by Defendant Cunningham and that relied upon by Defendant Tassone in establishing probable cause (*see id.* at 11–14, 25–27), the Second Circuit's reasoning binds the Court.  To the extent Defendant Tassone was involved at all in Plaintiff's arrest, he was "reasonable" in "relying on [Inspector Chow's] observations" and thus

3

had arguable probable cause to authorize Plaintiff's arrest. (*See* Summary Order at 9.) Because Defendant Tassone had arguable probable cause to arrest Plaintiff, Defendant Tassone, like Defendant Cunningham, is entitled to qualified immunity on Plaintiff's abuse of process claim.[3] Accordingly, Defendant Tassone's motion for reconsideration is granted, and all of Plaintiff's claims asserted against Defendant Tassone are dismissed with prejudice.

## CONCLUSION

Defendant Tassone's motion for reconsideration is GRANTED.

All of Plaintiff's claims against Defendant Tassone are dismissed with prejudice. Pursuant to the Second Circuit's Summary Order, this Court also dismisses with prejudice all claims asserted against Defendant Cunningham.

The Clerk of Court is respectfully directed to enter judgment in favor of Defendants Tassone and Cunningham and to close the case. The Clerk of Court is further directed to terminate the motion at ECF No. 81.

Dated: May 8, 2023　　　　　　　　　　　　　SO ORDERED:
　　　　　White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　NELSON S. ROMÁN
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[3] The Second Circuit made clear that the existence of probable cause—including *arguable* probable cause, as is at issue here—constitutes a complete defense to a claim of abuse of process under New York law. (*See* Summary Order at 9–10.) *See also Betts v. Shearman*, 751 F.3d 78, 81 (2d Cir. 2014) ("[B]ecause arguable probable cause existed to arrest Betts, his claims for false arrest, false imprisonment, abuse of process, and malicious prosecution were properly dismissed."). It makes no difference for our purposes here whether this rule of law was controlling at the time of the Opinion & Order. Because the Second Circuit has ruled, as a matter of law, that arguable probable cause existed to justify Defendant Cunningham's (and, as it follows, Defendant Tassone's) decision to arrest Plaintiff, this Court must grant Defendant Tassone's motion to prevent manifest injustice. *See Richman*, 988 F. Supp. at 754.

4